S. E. CLEMENTS v. IRVIN EGGLESTON.

(No. 3809.)

TRESPASS TO TRY TITLE.
PATENT.
PRACTICE.
PRESUMPTION.—It is well settled that a patent carries with it a *prima facie* right to the land thereby granted by the state to the patentee, and to rebut such a presumption it devolves upon the adverse claimant to clearly establish a prior or superior equitable right.

APPEAL from Fannin county. Opinion by WALKER, P. J.

STATEMENT.— Appellant brought an action of trespass to try title in the district court of Fannin county, against ap-

pellee, for three hundred and twenty acres of land situated in said Fannin county, claiming said tract of land under and by virtue of a certificate granted by the state of Texas to the heirs of Solomon Watson, deceased, for six hundred and forty acres of land. The appellee presented two issues: 1. A general denial. 2. A plea of not guilty. The matter was submitted to the court, who gave a judgment for defendant. Appellant made a motion for a new trial, which was overruled and cause appealed to this court. He assigns as error that the court below erred in rendering judgment for defendant and against plaintiff upon the law and the facts.

W. S. McClure administered upon the estate of Solomon Watson, deceased, in Red River county, and as such administrator was granted an unconditional certificate for six hundred and forty acres of land, three hundred and twenty acres of which certificate was in the year 1844 located upon the tract of land in controversy. Said tract of land was afterwards sold under an order of the probate court of Red River county and purchased by one Simeon Clement and paid for, and said sale confirmed and duly executed. Afterwards said tract of land was sold by said Simeon Clement to the present plaintiff, S. E. Clement. In the year 1860 W. S. McClure withdrew the Solomon Watson six hundred and forty acre certificate from the land office at Austin and located the balance of said certificate in Cass county. Afterwards W. S. McClure, as the administrator of Solomon Watson, deceased, instituted suit in the district court of Lamar county against the state of Texas for an unconditional certificate to the heirs of Solomon Watson, deceased, and on the 25th day of July, 1872, the district court of Lamar county granted an unconditional certificate to the heirs of said Solomon Watson for six hundred and forty acres of land.

Plaintiff thereupon filed a copy of said judgment and certificate and demanded of the commissioner of the land office a patent, which was refused. Afterwards the com-

missioner declared said survey forfeited upon the following grounds:

1. Because the unconditional certificate was not returned to the land office by the 30th of July, 1872.

2. Because the records of the land office did show: 1st, · that Solomon Watson had never received a conditional certificate from the board of land commissioners of Red River county; 2d, that the traveling board never recommended any such certificate; 3d, that the commissioner of claims never approved such certificate.

The plaintiff's title consisted in a survey made upon an unconditional certificate, the field-notes of which are shown to have been returned to the general land office at some time after the survey of the land was made. The survey was made in the year 1844. There was no evidence showing that the field-notes were in the general land office previous to the year 1860 or 1862. At what time they were returned to that office does not appear. If there was a failure to return to the land office the field-notes of the survey claimed by the plaintiff, by the 31st day of August, 1853, according to the requirements of article 4562, P. D., the land located by virtue of the certificate and the survey under it reverted to the public domain. Upshur *v.* Pace, 15 Tex., 53; Johns *v.* Pace, id. 271. A patent was issued in 1872 to the defendant, as assignee, for the same land, by virtue of a different certificate and a different file. The defendant claims the land under his patent.

OPINION.— The rule laid down in Johnson *v.* Eldridge, 49 Tex., 507, is decisive of this case upon the evidence in the record. It is held in that case that the patent carries with it a *prima facie* right to the land thereby granted by the state to the patentee, and to rebut such a presumption it devolves upon the adverse claimant to clearly establish a prior or superior equitable right; the burden being upon the plaintiff, even under the ordinary rule of law applicable to actions of this kind, to establish a perfect and valid title, or, at all events, to show a right sufficient to recover the

land and superior to the defendant's right. The weight of that burden is increased when he is met by the defendant's apparently perfect title. The simple fact that his field-notes had been returned at some time or other does not meet the exigency. Sixteen years had elapsed since the survey was made under which plaintiff claims, before the field-notes are shown to have been in the land office.

The presumption which would ordinarily attach to finding the field-notes at a proper place of deposit, *i. e.*, the land office, at a date subsequent to August 31, 1853, it may be conceded, would be for some purposes that they were duly filed at the proper time, in the absence of other proof, and upon such state of case creating a presumption that the land had been treated at the land office, after August, 1853, as vacant public domain, and that the commissioner had patented to an adverse claimant of the land. The presumption that the field-notes had been returned and filed in due time is neutralized by another presumption, not less forcible, that the officer whose duty it was to ascertain and know whether the land in question was vacant or not, acted upon proper information before treating it so, and accepting a file thereon and issuing a patent therefor.

It devolved upon the plaintiff, therefore, to show clearly that he had made such due return of his field-notes, and failing therein, the judgment was correctly rendered for the defendant. The correctness of the construction of articles 7096 and 7097, P. D., by the commissioner of the land office, that the withdrawal of the certificate from the land office, in order to locate the balance of the certificate, and failing to return the same within the time limited for the return of certificates, vacated the survey which had been made by virtue of it, and under which the plaintiff claims, was immaterial if for any legal reason whatever the plaintiff was not entitled to obtain a patent.

On the trial of this case he assumed the task of showing that he was so entitled, and in our opinion he failed to do so.

JUDGMENT AFFIRMED.